## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **XAVIAN INSURANCE COMPANY** | § | |
| **AND XAVIAN HOLDINGS, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:18-cv-06222** |
| | § | |
| **BOEING CAPITAL CORPORATION** | § | |
| **AND THE BOEING COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

### MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS
### XAVIAN INSURANCE COMPANY AND XAVIAN HOLDINGS, INC.

Pursuant to Local Rule 83.17 of the United States District Court for the Northern District of Illinois, Christopher J. Akin, Kent D. Krabill, John Volney, Michael Kalis, and Paulette C. Miniter of Lynn Pinker Cox & Hurst, LLP (the "LPCH Attorneys") and Stephen J. Siegel, Courtney D. Tedrowe, and Elizabeth C. Wolicki of Novack and Macey, LLP (the "NM Attorneys"), respectfully request that this Court grant them leave to withdraw as attorneys of record for Plaintiffs Xavian Insurance Company and Xavian Holdings, Inc. ("Plaintiffs") in this matter. In support of this motion, the LPCH Attorneys and the NM Attorneys respectfully state as follows:

1.     The LPCH Attorneys and the NM Attorneys seek to terminate and withdraw from their representation of Plaintiffs in this case, as allowed by Illinois Rule of Professional Conduct 1.16(b), Texas Rule of Professional Conduct 1.15, any applicable ABA Model Rule, and the terms of their engagement agreements with Plaintiffs.

2.       This case is not currently set for trial.  Magistrate Judge Kim recently stayed the discovery-related deadlines pending this Court's resolution of the motion to withdraw.  See Docket No. 88.

3.       In notifying Plaintiffs of their decision to terminate the representation and to withdraw, the law firms provided reasonable notice in order to allow Plaintiffs time to employ new counsel.  The law firms have also taken steps to the extent reasonably practicable to protect Plaintiffs' interests, including making necessary arrangements to transmit the case file to Plaintiffs' new counsel once they have been employed by Plaintiffs.  Additional notice is being provided to Plaintiffs through the Notification of Party Contact Information Form required by Local Rule 83.17, which is attached as Exhibit A to this motion.

4.       Lead counsel also has conferred about this motion with Plaintiffs, who seek to impose conditions on withdrawal (such as requiring additional work on this case as a precondition to withdrawal) that the LPCH Attorneys and the NM Attorneys view as inconsistent with their right to withdraw.  In order to allow sufficient time for Plaintiffs to identify new counsel, however, the LPCH Attorneys and the NM Attorneys request that the Court continue the abatement of case deadlines for at least 120 days to allow Plaintiffs to identify and retain replacement counsel and for the orderly transition of the case to new counsel.

5.       Lead counsel has conferred about this motion with Defendants, who have represented that they do not oppose the withdrawal of the LPCH Attorneys and the NM Attorneys.  With respect to the proposed 120-day abatement, Defendants declined to agree or oppose at this time based on not having information about the grounds for withdrawal or knowledge of other factors that may influence the amount of time necessary to explore retention of counsel.

6. Because the motion is currently opposed by Plaintiffs, the LPCH Attorneys and the NM Attorneys would like to provide the Court with sufficient information to support their withdrawal as counsel on a confidential basis. The LPCH Attorneys and the NM Attorneys therefore respectfully request that they be provided an opportunity to provide supporting information to the Court on an *in camera* basis, with Plaintiffs also having the right to share any information they might wish to share on an *in camera* basis.

For the reasons stated here, the LPCH Attorneys and NM Attorneys respectfully request that the Court grant this motion to withdraw pursuant to Local Rule 83.17.

Dated: January 13, 2020                    Respectfully submitted,

XAVIAN INSURANCE COMPANY AND
XAVIAN HOLDINGS, INC.


/s/ Christopher J. Akin
Christopher J. Akin (admitted *pro hac vice*)
Texas Bar No. 00793237
cakin@lynnllp.com
Kent D. Krabill (admitted *pro hac vice*)
Texas Bar No. 24060115
kkrabill@lynnllp.com
John Volney (admitted *pro hac vice*)
Texas Bar No. 24003118
jvolney@lynnllp.com
Michael Kalis (admitted *pro hac vice*)
Texas Bar No. 24092606
mkalis@lynnllp.com
Paulette C. Miniter (admitted *pro hac vice*)
Texas Bar No. 24102213
pminiter@lynnllp.com
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile


Stephen J. Siegel (ARDC #6209054)
ssiegel@novackmacey.com
Courtney D. Tedrowe (ARDC #6278584)
cdt@novackmacey.com
Elizabeth C. Wolicki (ARDC #6297990)
ewolicki@novackmacey.com
**NOVACK AND MACEY LLP**
100 North Riverside Plaza, 15th Floor
Chicago, Illinois 60606
(312) 419-6900 Telephone
(312) 419-6928 Facsimile

## CERTIFICATE OF CONFERENCE

The undersigned does hereby certify that he has conferred with Defendants and with Plaintiffs on the merits of the motion, and the Defendants and Plaintiff advised of their positions on the motion as described in this motion.

*/s/ Christopher J. Akin*
Christopher J. Akin

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 13, 2020 this pleading was served by email on all counsel of record.

*/s/ Christopher J. Akin*
Christopher J. Akin

4832-5676-5361, v. 1